# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DEANGELO BRADLEY<br>11705 Erwin Avenue<br>Cleveland, OH  44135<br><br>    On behalf of himself and all<br>    others similarly-situated<br><br>                        Plaintiff,<br>       v.<br><br>DICILLO SERVICES, LLC<br>c/o Nicholas DiCillo, Statutory Agent<br>7412 Goodwalt Avenue,<br>Cleveland, Ohio, 44102<br><br>    - and-<br><br>NICHOLAS DICILLO<br>475 Eagle Trace<br>Mayfield Heights, Ohio, 44124<br><br>                        Defendants. | CASE NO.:<br><br>JUDGE<br><br><br>**COMPLAINT FOR VIOLATIONS**<br>**OF THE FAIR LABOR STANDARDS**<br>**ACT**<br><br><br>**(Jury Demand Endorsed Herein)** |

## INTRODUCTION

1. Defendant DiCillo Services, LLC and its owner, Defendant Nicholas Dicillo, failed to pay Plaintiff DeAngelo Bradley and other similarly-situated employees at least the minimum wage for all hours worked and for all overtime hours worked. Accordingly, Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. On behalf of himself and all other similarly situated employees, Bradley brings this collective action for the recovery of unpaid minimum wage and unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b).  Members of the collective action are referred to as the "**FLSA Collective Class Members.**"

1

## PARTIES

2. Bradley is an individual residing in Cuyahoga County, Ohio. Bradley performed work for Defendants within the last three years for which he was not paid the minimum wages or the overtime wages guaranteed by the FLSA. Bradley's signed consent to sue form commencing this action is attached hereto as Exhibit "A."

3. The FLSA Collective Class Members are all current and former laborers and/or other hourly employees in substantially similar positions and/or with similar job titles, that worked for Defendants at any time during the three-year period before the filing of this Complaint to present who were not paid all minimum wages and overtime wages due.

4. DiCillo Services, LLC is a for-profit corporation organized under the laws of the State of Ohio, and who maintains offices in Cleveland, Ohio, and whom operates throughout Ohio and in other states, such as Florida.

5. DiCillo is and was at all times referenced herein the president, co-owner, and/or principal of DiCillo Services.

6. At all times referenced herein, DiCillo supervised and/or controlled Bradley and the putative class' employment with DiCillo Services, controlled the day-to-day operations of DiCillo Services, to include their compensation policies and practices, and acted directly or indirectly in the interest of DiCillo Services in relation to its employees, and was an employer within the meaning of section 3(d) of the FLSA.

## PERSONAL JURISDICTION

7. Defendants hire citizens of the state of Ohio, contract with companies in Ohio, and own or rent property in Ohio. As such, the exercise of personal jurisdiction over Defendants comports with due process.

8. Bradley and those similarly-situated performed work in this judicial district, were paid unlawfully by Defendants pursuant to work performed in this district and/or were hired out of this district.

9. This cause of action arose from or relates to the contacts of Defendants with Ohio residents, thereby conferring specific jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. Venue is proper in this District because Defendants do a sizeable portion of their business in this District, and many of the wrongs herein alleged occurred in this District.

## COVERAGE

12. At all times referenced herein, DiCillo Services was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and formed a single enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATION RELATING TO PLAINTIFF.

13. DiCillo Services operates a landscaping business.

14. Bradley is a former employee of DiCillo Services.

15. Bradley was hired by DiCillo Services as a Lawncare Maintenance Worker on or around May 8, 2019.

16. At all times referenced herein, Bradley was paid on an hourly basis.

3

17. Bradley's hours were recorded electronically by his direct supervisor, Jose Martinez.

18. Bradley worked 40 hours between May 8, 2019 and May 10, 2019.

19. Bradley was paid $400.00 for the 40 hours he worked between May 8, 2019 and May 10, 2019.

20. Bradley worked 80 hours during the week of May 13, 2019.

21. Bradley reported the hours he worked during the week of May 13, 2019 directly to DiCillo by text message:

> Pay Period: 05/13/19 - 05/19/19
> Hours Deangelo worked!
> 05/13 6am - 5:30pm ( 11.5 hrs )
> 05/14 9am - 5pm ( 8 hrs )
> 05/15 5am - 9pm ( 16 hrs )
> 05/16 7am - 3pm ( 8 hrs )
> 05/17 5am - 11pm ( 18 hrs )
> 05/18 5am - 11:30pm ( 18.5 hrs )
> Total hours: 80 . 40 reg $560 40
> OT $840 . Check $1,400 .

22. Defendants only paid Bradley for 46.3 hours for the week of May 13, 2019, despite the fact that Bradley had reported 80 hours.

23. Bradley worked 53.5 hours during the week of May 20, 2019.

24. Bradley reported the hours he worked during the week of May 20, 2019 to DiCillo by text message:

> WEEK 3!
> Pay period 05/20/19-05/26/19
> Hours Deangelo Worked!
> 05/20 8am - 8pm ( 12 hrs )
> 05/21 7am - 7pm ( 12 hrs )
> 05/22 7am - 8pm ( 13 hrs )
> 05/23 NO WORK
> 05/24 6:30am - 10pm ( 16.5 hrs )
> 05/25 NO WORK
> 05/26 NO WORK
> Total Hours : 53.5 . 40 Reg $560 .
> 13.5 OT $283.5 . Check $843.50

25. Defendants failed to pay Bradley at all for the hours he worked during the week of May 20, 2019.

26. On or about May 23, 2019, the check Defendants had provided Bradley for the week of May 8, 2019 was dishonored by the bank ("Bad Check").

27. Bradley incurred bank fees as a result of Defendants' Bad Check.

28. Subsequently, Bradley began to complain to DiCillo about the Bad Check and Defendants' failure to pay him properly for all hours worked.

29. DiCillo continually made excuse for why Defendants had not paid Bradley before finally offering to pay Bradley via Western Union.

30. On or about June 2, 2019, DiCillo sent Bradley $400.00 via Western Union to replace the $400.00 check that was dishonored.

31. As a result of repeatedly not be being paid or paid properly, Bradley resigned his employment with Defendants on June 2, 2019.

32. Bradley was only paid twice during his total employment with Defendants -- once for his first week of employment, which later "bounced" and was made up by Western Union -- and once for the week of May 13, 2019, for fewer hours than Bradley had actually worked.

33. As a result of the above-described pay practices, Bradley was routinely paid less than the minimum wage and was routinely denied wages altogether.

34. As a result of the above-described pay practices, Bradley was denied overtime pay.

35. Subsequent to his resignation, Bradley continued to communicate with DiCillo by text message in an effort to get paid for all hours he had worked.

36. DiCillo ignored Bradley's text messages.

37. Defendants willfully and intentionally failed to pay Bradley for all hours worked as part of a deliberate wage theft scheme.

38. Defendants' failure and refusal to pay Bradley wages for all hours worked, to include overtime at a rate of one and one-half times Bradley's regular rate for all hours worked over 40 in a given week was willful, intentional, and not in good faith.

39. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Bradley has suffered damages.

### FLSA COLLECTIVE ACTION ALLEGATIONS

40. Bradley incorporates by reference the allegations in the preceding paragraphs.

41. At all times referenced herein, Bradley worked alongside other laborers, many of whom were from South America and who were in the United States illegally ("Migrant Workers").

42. During Bradley's employment with Defendants, several Migrant Workers told Bradley that they had "never" received any pay from Defendants.

43. During Bradley's employment with Defendants, several Migrant Workers quit because they were not paid.

44. During Bradley's employment with Defendants, an employee named Sharon quit, also citing the lack of pay.

45. DiCillo Services maintains a company-wide practice of underpaying its hourly employees, denying employees minimum wages, and denying employees overtime wage.

46. Bradley brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly-situated individuals who are part of the following class:

> All current and former laborers, or those employed in other substantially similar positions and/or with similar job titles, who worked for Defendants at any time during the three-year period before the filing of this Complaint to present and were paid on an hourly basis.

47. Defendants did not pay FLSA Collective Class Members for all hours they worked, resulting in the payment of subminimum wages, and in some instances, no wages at all.

48. Defendants did not pay FLSA Collective Class Members for all hours they worked, resulting in the underpayment or non-payment of overtime.

49. Collective Action treatment of Bradley's FLSA claim is appropriate because Bradley and the FLSA Collective Class Members have been subjected to the common business practices referenced in paragraph 40-49, *supra*, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' enterprise-wide practices failed to properly compensate the FLSA Collective Class Members for all hours worked.

### **COUNT I: VIOLATION OF THE FLSA – FAILURE TO PAY MINIMUM WAGE.**

50. Bradley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

51. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

52. Bradley and those similarly-situated were not exempt from the right to receive at least the minimum wage under the FLSA during their employment with Defendants.

53. Bradley and those similarly-situated are entitled to be paid at least the minimum wage for all hours worked under 40 in a given week.

54. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay wages to their employees, including Bradley, that resulted in the failure to pay at least the minimum wage for all hours worked.

55. Defendants failed to make, keep, and preserve accurate time records with respect to Bradley and those similarly-situated and/or knowingly disregarded the time that was reported to them by Bradley and those similarly-situated regarding the hours they worked, in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

56. Defendants either recklessly failed to investigate whether their failure to pay Bradley and those similarly-situated violated the Federal Wage Laws of the United States and/or Defendants concocted a scheme pursuant to which they deprived Bradley and those similarly-situated the overtime pay they earned.

57. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

59. Bradley and those similarly situated are entitled to all legal and equitable remedies available for Defendants' violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

**COUNT II: VIOLATION OF THE FLSA – FAILURE TO PAY OVERTIME.**

60. Bradley restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

61. The FLSA requires each covered employer such as Defendants to compensate all non-exempt employees at a rate of not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a work week.

62. Bradley and those similarly-situated were not exempt from the right to receive overtime pay under the FLSA during their employment with Defendants.

63. Bradley and those similarly-situated are entitled to be paid overtime compensation for all overtime hours worked.

64. At all times relevant to this Complaint, Defendants had a policy and practice of failing and refusing to pay overtime to its employees for their hours worked in excess of 40 hours per week.

65. Defendants failed to make, keep, and preserve accurate time records with respect to Bradley and those similarly-situated and/or knowingly disregarded the time that reported to them by Bradley and those similarly-situated regarding the hours they worked, in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a).

66. Defendants either recklessly failed to investigate whether their failure to pay Bradley and those similarly-situated overtime violated the Federal Wage Laws of the United States, they intentionally misled Bradley and those similarly-situated to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Bradley and those similarly-situated the overtime pay they earned.

67. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

68. Defendants violated the FLSA without a good faith belief that their conduct was lawful.

69. Bradley and those similarly situated are entitled to all legal and equitable remedies available for Defendants' violations of the FLSA, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigation costs, and other compensation pursuant to the FLSA.

### COUNT III: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.01, *et seq*, BASED ON FAILURE TO PAY MINIMUM WAGE. (Asserted by Bradley Individually).

70. Bradley incorporates by reference the allegations in the preceding paragraphs.

71. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Ohio Minimum Fair Wages Standards Act ("OMFWSA").

72. At all relevant times, Defendant has employed and continues to employ "employees" within the meaning the OMFWSA.

73. Bradley was an employee of Defendant as that term is defined by the OMFWSA.

74. In 2019, the OMFWSA required employers to pay a minimum wage of at least $8.55 per hour to all non-exempt employees.

75. Bradley's regular rate of pay was $0.00 during the last two weeks of his employment, when Defendant failed and refused to pay him for any hours he worked.

76. In denying Bradley compensation at the requisite Ohio minimum wage rate, Defendant violated the OMFWSA and Article II, Section 34a of the Ohio Constitution.

77. Defendant has failed to make, keep, and preserve records with respect to Bradley, sufficient to determine the wages and other conditions and practices of employment in violation of the OMFWSA, R.C. § 4111.08, *et seq*.

78. As a direct and proximate result of Defendant's unlawful conduct, Bradley has suffered and will continue to suffer a loss of income and other damages.

79. Having violated the OMFWSA, Defendant is liable to Bradley pursuant to O.R.C. § 4111.10 for the full amount of his unpaid wages and for costs and reasonable attorneys' fees. Additionally, Defendant is liable to Bradley for an amount equal to twice his unpaid wages. O.R.C. § 4111.14(J).

80. costs, and other compensation pursuant to the FLSA.

**COUNT IV: VIOLATION OF THE OHIO MINIMUM FAIR WAGE STANDARDS ACT, O.R.C. § 4111.03, *et seq*, BASED ON FAILURE TO PAY OVERTIME. (Asserted by Bradley Individually).**

81. Bradley incorporates by reference the allegations in the preceding paragraphs.

82. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the Ohio Minimum Fair Wages Standards Act ("OMFWSA").

83. At all relevant times, Defendant has employed and continues to employ "employees" within the meaning the OMFWSA.

84. Bradley was an employee of Defendant as that term is defined by the OMFWSA.

85. The OMFWSA requires employers to pay overtime at a rate of no less than one and one half times the regular rate for all hours worked by an employee over 40 in a single workweek.

86. Defendants failed to pay Bradley overtime for all hours he worked over 40 in a single workweek.

87. In denying Bradley overtime, Defendant violated O.R.C. § 4111.03(A).

88. As a direct and proximate result of Defendant's unlawful conduct, Bradley has suffered and will continue to suffer a loss of income and other damages.

89. Having violated the OMFWSA, Defendant is liable to Bradley pursuant to O.R.C. § 4111.10 for the full amount of his unpaid wages and for costs and reasonable attorneys' fees. Additionally, Defendant is liable to Bradley for an amount equal to twice his unpaid overtime. O.R.C. § 4111.14(J).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DeAngelo Bradley respectfully request relief against Defendants as set forth below:

a. Designating this action as a collective action on behalf of Plaintiff and the Collective they represent pursuant to the Fair Labor Standards Act, issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective apprising them of the pendency of this action, which will permit them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and equitably tolling the statute of limitations from the date of filing this Complaint until the expiration of the deadline for filing consent to sue forms pursuant to 29 U.S.C. § 216(b);

b. Designating Plaintiff as the representative for the Collective;

c. Issuing a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §§ 201 *et seq.*.;

d. Issuing a declaratory judgment that Defendants violated the recording-keeping requirements of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 215(a),

e. Awarding Plaintiff and the Collective unpaid minimum wages and unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

f. Awarding damages, including actual, general, special, incidental, statutory, punitive, treble, liquidated, and consequential to Plaintiff and Class members in an amount to be determined

at trial;

g. Issuing an injunction prohibiting Defendants from continued unlawful practices, policies and patterns set forth herein;

h. Awarding pre-judgment and post-judgment interest as provided by law;

i. Awarding reasonable attorneys' fees and costs; and

j. Awarding such other and further relief that this Court deems appropriate.

        Respectfully submitted,

        */s/ Chris P. Wido*
        Chris P. Wido (0090441)
        **THE SPITZ LAW FIRM, LLC**
        25200 Chagrin Boulevard, Suite 200
        Beachwood, Ohio 44122
        Phone: (216) 291-4744
        Fax:   (216) 291-5744
        Email: chris.wido@spitzlawfirm.com

        *Attorney for Plaintiff DeAngelo Bradley*

## JURY DEMAND

Plaintiffs DeAngelo Bradley demand a trial by jury by the maximum number of jurors permitted.

        */s/ Chris P. Wido*
        Chris P. Wido (0090441)
        **THE SPITZ LAW FIRM, LLC**